UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNIC L. WOODSON, JR.,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>BRYAN BIRKHOLZ,<br><br>　　　　　Respondent. | Case No. CV 22-00041-DMG (GJS)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

　　　　On January 3, 2022, Petitioner, a federal prisoner, filed a 28 U.S.C. § 2241 habeas petition in this district [Dkt. 1, "Petition"].  Petitioner presently is incarcerated at FCI-Victorville Medium II.  The Petition names a "Bryan Birkholz" as Respondent, although it is unclear who this person is, as Mr. Birkholz is not the Warden of FCI-Victorville.

　　　　Petitioner alleges that on September 29, 2021, in the United States District Court for the Northern District of Texas, he was convicted of "possession of control substance" and received a 263-month sentence.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets for Petitioner's criminal case available through the PACER system.  They show that:  in 2020, Petitioner was charged with numerous drug offenses; he entered into a plea agreement thereafter;

on September 29, 2021, all counts were dismissed except one (charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), possession with intent to distribute a Schedule II controlled substance), and he was sentenced to a 263-month term; and Judgment entered on September 20, 2021. [*See* Docket for United States District Court, Northern District of Texas (Dallas), Case No. 3:20-cr-00032-X-13.] Petitioner has appealed to the United States Court of Appeals for the Fifth Circuit (Case No. 21-11005).

       The Petition does not challenge Petitioner's conviction or sentence. Rather, Petitioner alleges that since he was sentenced several months ago, he has been in transit and quarantine status and has been moved to three different prisons. He complains that as a result of his in transit and quarantine status, he has not been allowed to participate in prison programs, have visitors, or earn time credits. Petitioner further complains that his requests for medical and mental health care have been ignored, which he attributes to his in transit status. Finally, Petitioner complains that he should not be at FCI-Victorville while he is in transit, because he has physical and mental health issues and FCI-Victorville is not a medical facility. [Petition at 3-4.] Petitioner does not identify the relief he seeks. [*See* Petition, *passim*.] The Petition also does not allege that Petitioner has utilized and completed his Bureau of Prisons ("BOP") administrative remedies with respect to the above matters of which he complains.

       Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to 28 U.S.C. § 2254. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the following reasons, the Court has concluded that, pursuant to Habeas Rule 4, summary dismissal of the Petition, without prejudice, is

required. *See Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.") (cit. om.). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Ramirez v. Galaza*, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 124 S. Ct. 2117, 2122 (2004).

The allegations of the Petition complain only about the conditions of Petitioner's confinement. Nothing he alleges relates to the execution of his sentence, nor would the relief sought affect the length of Petitioner's sentence and

his release date.[1]  Rather, Petitioner believes that:  the BOP may only house him at correctional institutions that are medical facilities while he is in transit to his final destination; he is being improperly denied the opportunity to participate in prison programming, receive visitors, and accrue earned time credits while in transit; and he is not receiving the medical and mental health care he needs while in transit.  These allegations present classic complaints about the conditions of a prisoner's confinement.  Through his allegations, Petitioner effectively seeks to pursue a *Bivens* civil rights claim[2] based on these various conditions of his confinement.  Petitioner's claims do not implicate the fact or duration of his confinement, and thus, they are not cognizable under Section 2241.

The Court may construe a flawed habeas petition as a civil rights complaint.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  Converting the Petition to a *Bivens* complaint would be improper, however, given that:  (1) the Petition was not accompanied by the filing fee or a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (2) the Petition was not accompanied by an authorization by Petitioner to have the filing fee deducted from

---

[1] Although Petitioner complains about his present inability to participate in programming that will cause him to accrue earned time credits while in transit, this does not state a matter cognizable in habeas.  As the Ninth Circuit has made clear, a claim is cognizable on habeas review only if it lies within the "core of habeas corpus," and a claim lies within the core of habeas only if success would "necessarily lead to immediate or speedier release." *Nettles*, 830 F.3d. at 927, 930, 934.  To be cognizable in habeas, a claim has to necessarily accelerate release—not just likely, or merely potentially, accelerate release—from confinement if successful.  *See id.* at 934-35.  Not all prison programming leads to the accrual of earned time credits, and only certain approved and completed courses can do so.  It is unclear how Petitioner would be able to participate in and complete such courses while he is in transit, but in any event, there is no basis for concluding that even if Petitioner were to be allowed to engage in programming before his transit ends, he would accrue sufficient earned time credits to necessarily accelerate his release from prison.

[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which applies when civil rights-type claims are asserted against federal officials rather than 42 U.S.C. § 1983, which governs civil rights claims brought by state prisoners.

his trust account pursuant to 28 U.S.C. § 1915(b)[3]; (3) based on Petitioner's allegations and the timing of the matters alleged, it does not seem likely that he has exhausted his administrative remedies for his claims, a prerequisite to filing a civil rights action[4]; and (4) and no viable *Bivens* claim or request for relief has been stated against the named Respondent or any other person.[5]

In addition, if the Petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full up front or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage or otherwise would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). As noted *supra*, the allegations of the Petition do not state a cognizable *Bivens* claim against the named Respondent or anyone else. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a

---

[3] Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through an initial partial payment and monthly payments thereafter rather than prepaying the entire amount.

[4] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

[5] The Petition does not contain any allegations with respect to Respondent Birkholz, such as identifying who he is and what he did or did not do that has violated Petitioner's federal constitutional rights. Nor does the Petition do so for any other person. The Petition also fails to state what relief is sought, and only limited relief is available through a *Bivens* action. *See Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093-94 (9th Cir. 2016) (holding that "*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action" and that the only remedy available is monetary damages from a defendant in his or her individual capacity).

"strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" – *i.e.,*. prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted – may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury."

Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice. Petitioner then may determine whether or not he wishes to raise the subject-matter of the Petition through *Bivens* or any other claims pleaded in a properly-submitted civil complaint. In making that decision, Petitioner must take into account the administrative exhaustion requirement and remember that he must either submit the $350 filing fee with his complaint or submit the necessary 28 U.S.C. § 1915 documents and pay the $350 filing fee over time if granted leave to do so.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 22, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE